[Crim. No. 13520. In Bank. Nov. 18, 1969.]

In re THEODORE N. WHITE on Habeas Corpus.

## COUNSEL

Carl W. Till, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Marjory W. Parker, Deputy Attorneys General, for Respondent.

## OPINION

**TRAYNOR, C. J.**—In this habeas corpus proceeding petitioner attacks an order making a sentence imposed on revocation of probation consecutive to a term he was then serving for another, unrelated offense.

In 1959 petitioner was convicted in Los Angeles County of possession of narcotics in violation of Health and Safety Code section 11500 and sentenced to imprisonment in the state prison. In 1961 he was released on parole. In 1964, while on parole, he was convicted in San Diego County of petty theft with a prior felony conviction. (Pen. Code, § 667.) The court suspended imposition of sentence and granted probation. In January 1965, however, the Adult Authority revoked petitioner's parole and ordered his return to prison. Petitioner then made a written request to the superior court in San Diego County for imposition of sentence pursuant to Penal Code section 1203.2a.[1] On March 10, 1965, that court, in the absence of petitioner, but with his counsel present, revoked probation and sentenced petitioner to imprisonment in the state prison for the term prescribed by law. The court ordered that the sentence be consecutive to any prior incomplete sentence.

Petitioner contends that the court was without jurisdiction to order that the sentence be consecutive to his prior sentence. ██ We have concluded that section 1203.2a does not preclude imposition of consecutive sentences when, in the discretion of the sentencing court, the circumstances of the offense warrant such imprisonment.

Penal Code section 1203.2a permits a defendant who has been released on probation and subsequently committed to a state prison for another offense, to request the trial court that granted probation to revoke probation and impose sentence. It further provides that "Upon imposition of sentence hereunder the commitment shall be dated as of the date upon

---

[1]"If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant, on the request of the defendant made through his counsel, or by himself in writing. . . ."

which probation was granted and if the defendant is then in a state prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that the sentence for the prior offense shall commence upon termination of the sentence for said subsequent offense."

Petitioner contends that section 1203.2a authorizes the trial court to make the sentences consecutive only when the defendant is in prison for an offense committed while on probation for a prior offense. Since petitioner's narcotics offense was not committed while he was on probation but before he was granted probation for the section 667 violation, he concludes that section 1203.2a requires the subsequent sentence to run from the time probation was granted.

■ The purpose of section 1203.2a is to prevent a defendant from inadvertently being denied the benefit of Penal Code section 669 that sentences be concurrent unless the court exercises its discretion to order that a subsequent sentence be consecutive to a prior sentence.[2] Before section 1203.2a was enacted, if the court that granted probation was unaware of a defendant's subsequent incarceration for another offense and had therefore failed to revoke probation, the defendant might serve the entire term for the other offense but still be subject, on revocation of probation, to serving the term for the offense for which he had been given probation. Serving of any sentence after such revocation of probation could obviously not run concurrently with the sentence for the offense that had already been served. ■ By authorizing a defendant on probation who had been committed for another offense to request revocation of probation and imposition of sentence and by requiring his probation officer to notify the court of the subsequent commitment, section 1203.2a affords a procedure for requiring the court to consider imposing a concurrent sentence. It also precludes inadvertent imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant in the case in which probation was granted, if it fails to act within 30 days of being informed of the relevant facts.

Section 1203.2a also permits a greater punishment for a crime committed after probation has been granted. Since it is only in such cases that section 1203.2a expressly provides that consecutive sentences can be imposed, petitioner contends that such sentences cannot be imposed under

---

[2]Penal Code section 669 provides, in part: "Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

that section when, as in this case, a defendant is incarcerated for a crime committed before probation was granted. *In re Ramey* (1965) 234 Cal. App.2d 459 [44 Cal.Rptr. 473], so held, but in that case the court failed to consider the court's power to impose consecutive sentences pursuant to section 669 of the Penal Code and thus erroneously proceeded on the assumption that section 1203.2a was the exclusive measure of the court's power.

■ Section 669 provides that "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently," or consecutively. Under this provision the order in which the crimes are committed is immaterial, for it is the last judgment to be imposed that "shall direct" how the sentences are to be served. ■ When the trial court suspends imposition of sentence and grants probation, no judgment is entered until such time as the probation is revoked and the defendant is sentenced. (*People* v. *Arguello* (1963) 59 Cal.2d 475, 476 [30 Cal.Rptr. 333, 381 P.2d 5]; *In re Phillips* (1941) 17 Cal.2d 55, 58 [109 P.2d 344, 132 A.L.R. 644].) The 1965 judgment imposing sentence pursuant to section 1203.2a was the last judgment entered. Accordingly, section 669 authorized the court to enter judgment directing that the sentence be consecutive to the 1959 sentence.

■ There is nothing in section 1203.2a that restricts the power of the court to impose consecutive sentences authorized by section 669. The fact that section 1203.2a provided expressly for the obvious case of a subsequent sentence for a subsequent offense in no way conflicts with the power of the court under section 669 to impose consecutive sentences in the less obvious case of a subsequent sentence for a prior offense. ■ "Repeals by implication are not favored and are recognized only when there is a conflict between two or more legislative enactments." (*Rexstrew* v. *Huntington Park* (1942) 20 Cal.2d 630, 634 [128 P.2d 23].) They are recognized only when there is no rational basis for harmonizing the two potentially conflicting statutes (*People* v. *Leong Fook* (1928) 206 Cal. 64, 69-70 [273 P. 779]), and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together." (*Penziner* v. *West American Finance Co.* (1937) 10 Cal.2d 160, 176 [74 P.2d 252]; *California Drive-in Restaurant Assn.* v. *Clark* (1943) 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028].) Penal Code sections 669 and 1203.2a can stand together. (See *In re Wimbs* (1966) 65 Cal.2d 490, 498 [55 Cal.Rptr. 222,

421 P.2d 70].) To the extent that *In re Ramey, supra,* is inconsistent with our conclusions herein, it is disapproved.

██ Petitioner's final contention that he was denied the right to be personally present with his counsel at sentencing is without merit. The record shows that on February 18, 1965, petitioner wrote the San Diego court, requesting the imposition of sentence pursuant to Penal Code section 1203.2a.[3] Although the request made by petitioner did not strictly conform to the requirements of section 1203.2a, it was sufficient to waive the right of personal presence. Section 1203.2a requires that the request be "signed in the presence of the warden or superintendent of the prison in which he is confined or the duly authorized representative of the warden or superintendent," and that such official attest "both that the defendant has made and signed such request and that he states that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without his being represented by counsel." Petitioner's request was witnessed by a duly authorized representative of the warden of the prison, but the official did not formally attest to the waiver of presence and counsel. Petitioner does not contend, however, that he did not sign the waiver, that he had not read it, or that the witnessing was defective in any way. Under these circumstances, petitioner was not prejudiced by the official's failure to attest.

██ Petitioner did not expressly waive the right to be represented by counsel at the sentencing and such a waiver cannot be impled from the waiver of personal presence. (*In re Perez* (1966) 65 Cal.2d 224, 231 [53 Cal.Rptr. 414, 418 P.2d 6].) ██ In the present case, however, petitioner's counsel was present when the court imposed sentence. Accordingly, since petitioner was represented by counsel and had waived his right to be personally present, the court had jurisdiction to impose sentence.

The order to show cause is discharged and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[3]Petitioner's waiver of presence stated, in part: "It is to my advantage that all offenses of which I have been convicted be dealt with by the Department of Corrections and the Adult Authority at one time, and I therefore respectfully request the [San Diego] Superior Court to impose its sentence, heretofore withheld.

"I know that I am entitled to be present in court at the time sentence is pronounced against me, and I do specifically authorize such sentence to be imposed against me for the offense of Violation of Section 667 of the Penal Code (Petty Theft with prior felony conviction), in my absence."