[Crim. No. 43929. Second Dist., Div. Two. Dec. 1, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
LORENZO CRAMER, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Howard J. Schwab and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COMPTON, Acting P. J.**—Defendant, charged in two separate informations (A376220, A380034), pleaded guilty to manslaughter and a violation of Vehicle Code section 10851 (unlawful taking of a motor vehicle), as part of a plea bargain which included an agreement that defendant was to receive a probationary type sentence requiring him to spend a possible 15 months in the county jail as a condition thereof.

At the time of the plea defendant was awaiting sentence on another pending case in which he had previously pleaded guilty. In that case his previously granted probation had been revoked, apparently as a result of the charges to which he here pleaded guilty.

Apparently neither defendant, his counsel nor the court in this matter contemplated that the other pending case would result in a state prison sen-

tence. In the interim between defendant's entry of his pleas of guilty in this case and the date for sentencing, however, defendant received a three year state prison sentence as a result of the probation violation in the other case.

When defendant appeared for sentencing in this case there was a lengthy colloquy between the court, defendant and counsel concerning the sentence to be imposed.

For his part, defendant now contends that he refused to accept the previously promised probation, as was his right, while the People contend that defendant, in effect, sought to avoid the plea bargain and withdraw his previously entered pleas.

We need not decide which version of the proceedings was correct since we have concluded that the court lacked the authority to order the sentence which was ultimately imposed.

That sentence, as set forth in two separate minute orders, was as follows:

*Case No. A376220* (violation of Veh. Code, § 10851)

1. Proceedings suspended,

2. Probation for a period of five years,

3. Defendant to serve the *first* 90 days in the county jail.

*Case No. A380034* (manslaughter)

1. Proceedings suspended,

2. Probation for a period of five years,

3. Defendant to serve the *first* year in county jail.

Each minute order then contained a directive that upon defendant's release from state prison, he was to be returned to the county jail to serve the 15 months imposed as a condition of probation.

Since defendant was under a state prison sentence, the court could not order him released on probation or remanded to the sheriff to serve the 15 months in the county jail *prior* to commencement of the state prison sentence. (*People* v. *Marks* (1927) 83 Cal.App. 370 [257 P. 92].)

Further, it is self-evident that defendant could not serve the *first* 15 months of his probationary term after completion of the state prison sentence, as the trial court directed, unless the entire probationary term was to commence upon defendant's release from state prison.

■ The question which thus arises is whether a court can suspend proceedings and place a defendant on probation for a term of years and then stay the running of the probationary term until a completion of a state prison sentence imposed on another charge.

In *In re Kennick* (1982) 128 Cal.App.3d 959 [180 Cal.Rptr. 731], this court held that a trial court's stay of execution of a probationary order, pending an appeal, stayed the running of the probationary term as well as the serving of any sentence as a condition of probation.

While that holding recognized the ability of a trial court to stay the execution of a probationary type judgment, the thrust of our opinion was simply that a defendant could not obtain a stay of execution of the judgment pending an appeal and then after an affirmance of the judgment, contend that the time consumed on appeal had the effect of depriving the trial court of jurisdiction to put the judgment into effect.

We are, however, unaware of any statutory or case law which permits a court to use its authority to stay execution of a judgment for the purpose of providing that a probationary sentence be served consecutively to a state prison sentence.

Such a procedure would appear to run counter to the underlying spirit and purpose of probation and the determinate sentence law. Probation is presumed to be a rehabilitative device which normally would be attempted prior to sentencing a defendant to state prison.

Also as we observed in *In re Kennick, supra,* where incarceration is imposed as a condition of probation, the usual progression is to have the confinement period served before a phasing of the defendant back into society under *probationary supervision.*

Penal Code section 3000 provides that after a service of a state prison sentence the prisoner shall be phased back into society under a limited period of *parole* supervision. It would be incongruous for a prisoner also to be then simultaneously placed under probationary supervision.

Finally, Penal Code section 1203.2a provides that a defendant who is on probation and who receives a state prison sentence in another proceeding,

can, by written request to the court, require that his probation be revoked and sentence imposed.

The clear purpose of that statute is to prevent a defendant from being simultaneously subject to the jurisdiction of the Department of Corrections and a local probation department.

While in the present case the defendant had not been placed on probation prior to being sentenced to state prison, as Penal Code section 1203.2a envisions, it would seem to us that the spirit and purpose of that section would permit defendant to avail himself of its provisions after beginning his period of confinement in state prison. This would clearly nullify what the trial court here was attempting to do by its judgment.

In summary, we conclude that a court may not order a probationary sentence to run consecutively to a state prison sentence by the device of staying the execution of the former until completion of the latter.

█ Since the plea bargain here, as originally conceived, was impossible of consummation at the time the defendant appeared for sentence, defendant should have been permitted to withdraw his pleas of guilty.

The judgments (orders granting probation) are reversed and the trial court is directed to permit defendant, if he so desires, to withdraw his plea of guilty, or if defendant does not desire to withdraw his plea of guilty, to impose an appropriate state prison sentence.

Beach, J., and Gates, J., concurred.