[No. A025094. First Dist., Div. Five. May 23, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
GLENN NOLAN ELLESTAD, Defendant and Appellant.

**COUNSEL**

George F. Camerlengo, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Ann K. Jensen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**LOW, P. J.—** ■ We hold that a state prison sentence may be imposed consecutive to an unrelated county jail term.

Defendant Glenn Ellestad appeals from a judgment imposing a sentence, following a revocation of probation, consecutive to a term he was then serving in the San Francisco County jail on an unrelated offense.

Defendant pleaded nolo contendere to a charge of receiving stolen property (Pen. Code, § 496), a felony committed in San Mateo. Imposition of sentence was suspended and on May 19, 1983, he was placed on probation for three years, on condition he spend one year in the San Mateo County jail, to begin on June 11, 1983. He failed to surrender to San Mateo authorities on that date. In the meantime, defendant committed a misdemeanor burglary in San Francisco and on July 18, 1983, he was sentenced to one year in the San Francisco County jail. Thereafter, defendant's probation in the San Mateo offense was revoked because (1) he failed to surrender himself to authorities as required and (2) his conviction for the San Francisco burglary. The court sentenced him to state prison for the middle base term of two years for the receiving stolen property offense, to commence upon completion of the sentence he was then serving in the San Francisco County jail.

The power to revoke probation and impose a sentence upon a probationer who has been sentenced for a subsequent crime is contained in Penal Code section 1203.2a.[1] That section has been interpreted "to prevent a defendant from inadvertently being denied the benefit of Penal Code section 669, [which provides] that sentences be concurrent unless the court exercises its discretion to order that a subsequent sentence be consecutive to a prior sentence. [Fn. omitted.] Before section 1203.2a was enacted, if the court that granted probation was unaware of a defendant's subsequent incarceration for another offense and had therefore failed to revoke probation, the defendant might serve the entire term for the other offense but still be subject, on revocation of probation, to serving the term for the offense for which he had been given probation." (*In re White* (1969) 1 Cal.3d 207, 211 [81 Cal.Rptr. 780, 460 P.2d 980].)

---

[1] All section references are to the Penal Code.

In support of his contention, defendant relies on *People* v. *Cramer* (1983) 149 Cal.App.3d 1135 [197 Cal.Rptr. 301]. There, the defendant pleaded guilty to manslaughter and the unlawful taking of a motor vehicle. As part of the plea bargain, defendant was to receive probation, which included 15 months in county jail. At the time of his plea, defendant was awaiting sentencing on another pending case. Probation had been granted in that case and had been revoked upon the conviction of the present offenses. Between the time of his guilty plea and sentencing for the present offenses, defendant received a three-year state prison sentence as a result of the probation revocation in the other case. The sentencing court ordered that upon release from state prison for the prior offense, defendant was to be returned to the county jail to serve the 15 months imposed as a condition of probation in the present offenses. (*Id.*, at p. 1137.) The reviewing court concluded that this was error; that the sentencing court cannot stay execution of a judgment for the purpose of providing that a probationary sentence be served consecutively to a state prison sentence. (*Id.*, at p. 1138.) The court reasoned that such a result runs counter to the purpose of probation, which is to attempt rehabilitation *before* sentencing a defendant to state prison. (*Ibid.*) The court also reasoned that such a result would conflict with section 1203.2a, "[t]he clear purpose of that statute [being] to prevent a defendant from being simultaneously subject to the jurisdiction of the Department of Corrections and a local probation department." (*Id.*, at p. 1139.)

Here, defendant's probation was *revoked* and he was ordered to serve a two-year state prison term consecutive to the San Francisco County jail term. Unlike the facts in *Cramer,* probation was attempted here *before* defendant was ordered to serve a state prison term. Further, there is no problem of overlapping jurisdiction by the Department of Corrections and the local probation department since defendant is receiving straight time in confinement for both the current and the subsequent offenses.

Importantly, section 1203.2a expressly provides for a state prison term to be imposed consecutive to a term for a subsequent offense.[2] Our Supreme Court in *In re White, supra,* expressly concluded that "nothing in section 1203.2a . . . restricts the power of the court to impose consecutive sentences authorized by section 669." (1 Cal.3d at p. 212.) Section 669 provides that upon the second or subsequent judgment of imprisonment, the

---

[2]Section 1203.2a provides in pertinent part: "Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense. *Any terms ordered to be served consecutively shall be served as otherwise provided by law.*" (Italics added.)

court shall direct whether the terms of imprisonment will be served concurrently or consecutively. Here, the sentence to state prison, imposed after revocation of probation, is a subsequent judgment within the meaning of the statute and the trial court acted well within its power in ordering that the sentence be served consecutive to the San Francisco County jail term.

The judgment is affirmed.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied June 7, 1985.