[No. B046337. Second Dist., Div. Six. Jan. 16, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DEBRA ANN WILLIAMS, Defendant and Appellant.

COUNSEL

John R. DeLoreto, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Susan D. Martynec, and Carolyn D. Fuson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, J.**—Defendant Debra Ann Williams appeals an order revoking her probation and sentencing her to a state prison term. We affirm and hold the trial court possessed jurisdiction to revoke Williams's probation despite her additional status as a parolee.

## FACTS

The Santa Barbara County prosecutor charged Williams with eight counts of residential burglary. (Pen. Code,[1] § 459.) On March 6, 1987, Williams pleaded nolo contendere to three counts of residential burglary and acknowledged she could receive a maximum sentence of eight years and eight months' imprisonment. The sentencing judge suspended imposition of sentence and placed Williams on probation for five years with one year's imprisonment in county jail. (Williams received credit for five hundred and one days served in county jail and in a state mental hospital under an incompetency commitment pursuant to section 1368.) One condition of probation required Williams not to move her residence without the permission of her probation officer.

At the time of this sentencing, Riverside County had filed burglary charges against Williams. Neither Williams nor the prosecutor nor the probation officer brought this to the court's attention. Following sentencing in Santa Barbara Superior Court, Riverside County tried and convicted Williams of burglary. Williams received a state prison term and subsequently was paroled on January 9, 1989.

Approximately six months after being paroled, Williams moved from Los Angeles to Riverside without the permission of her parole officer or her Santa Barbara County probation officer. ▪ ▪ ▪ ▪ In a probation revocation hearing, Williams admitted moving to Riverside without permission because her father became ill there.[2] The trial judge then revoked Williams's probation and sentenced her to a four-year midterm, to be served concurrently on each of the three counts. Williams also received credit for 588 days served. This appeal followed.

## DISCUSSION

▪ Williams contends the trial court lacked jurisdiction to revoke her probation because she claims a defendant cannot be on probation and parole at the same time. She argues probation and parole are mutually exclusive since no rehabilitative purpose is served by placing a parolee on probation. (*People* v. *Cramer* (1983) 149 Cal.App.3d 1135, 1138 [197 Cal.Rptr. 301].) She also claims the Department of Corrections has exclusive custody of parolees and therefore reasons that the order revoking her probation is void. We disagree.

---

[1] All statutory references are to the California Penal Code.

[2] Williams's admission satisfies any requirement that the court articulate its reasons supporting revocation of probation. (*People* v. *Jones* (1990) 224 Cal.App.3d 1309, 1315 [274 Cal.Rptr. 527].)

The Penal Code appears to contemplate that a convicted defendant can be on parole and probation at the same time. Section 1203.2a permits a probationer who, while on probation on an earlier case, receives a state prison sentence in another criminal proceeding to request that probation be revoked and sentence imposed. (*In re White* (1969) 1 Cal.3d 207, 210 [81 Cal.Rptr. 780, 460 P.2d 980]; *People v. Cramer, supra*, 149 Cal.App.3d 1135, 1138-1139.) That section provides: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing . . . . [¶] The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation."

Section 1203.2a serves to prevent a defendant from being denied the benefit of section 669, which requires a concurrent sentence unless the court exercises its discretion and orders a sentence to be served consecutively to a prior sentence. (*People v. Johnson* (1987) 195 Cal.App.3d 510, 514 [240 Cal.Rptr. 748].) Prior to the enactment of section 1203.2a, a probationer might serve a prison term for another offense and still be subject to a later revocation of probation. (*In re White, supra*, 1 Cal.3d 207, 211.)

For defendant to enjoy the benefits of concurrent sentencing under section 669, the first sentencing court must receive notice that defendant is serving a sentence on another offense. (§ 1203.2a; *People v. Holt, ante*, p. 962 [277 Cal.Rptr. 323].) Of course, a notice to the court under section 1203.2a may result in a prison sentence consecutive to that being served. (*In re White, supra*, 1 Cal.3d 207, 212.)

Here, Williams may have had good reason not to inform the Santa Barbara Superior Court of the pending Riverside County burglary charges or her later conviction of burglary. Probation may not have been granted initially or a consecutive sentence may have been imposed had the trial court known of the Riverside County proceedings. (*People v. Jones* (1987) 189 Cal.App.3d 1453, 1456-1457 [235 Cal.Rptr. 111]; *In re White, supra*, 1 Cal.3d 207, 212.) Invoking her rights under section 1203.2a would not have necessarily inured to Williams's benefit.

*People v. Cramer, supra*, 149 Cal.App.3d 1135 and *People v. Marks* (1927) 83 Cal.App. 370 [257 P. 92] do not assist Williams. In *Cramer*,

*supra*, 149 Cal.App.3d 1135, the trial court stayed an order of probation and ordered it to be served consecutively to a state prison term. The reviewing court determined no decisional or statutory authority permitted such a stay. (*Id.* at p. 1138.) Moreover, the court observed that probation was a rehabilitative device that should be attempted prior to a prison term. (*Ibid.*) In *Marks, supra*, 83 Cal.App. 370, the trial court sentenced the defendant to probation on one count and state prison on another. The reviewing court concluded the judgment was incapable of enforcement because the two sentences were opposing in effect. (*Id.* at p. 376.)

Here, unlike the defendant is *Cramer*, Williams received an order of probation prior to her conviction and sentence to state prison on the Riverside County burglary. Although she was eligible for concurrent sentencing under section 669, Williams did not invoke her rights as prescribed by section 1203.2a. Nothing in the determinate sentencing scheme prohibits Williams's dual status as a probationer and parolee here.

Accordingly, the judgment is affirmed.

Stone (S. J.), P. J., and Abbe, J., concurred.