Filed 7/8/15  P. v. Hernandez CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065743 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN302754) |
| ABEL HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Law Offices of Siri Shetty and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury found Abel Hernandez guilty of 12 counts of lewd and lascivious acts upon a child under 14 years of age (Pen. Code, § 288, subd. (a))[1] (counts 1-12). The jury also found that Hernandez engaged in substantial sexual conduct with the victim with respect to counts 1 through 6 (§ 1203.066, subd. (a)(8)). The trial court denied probation and sentenced Hernandez to an aggregate term of 30 years in prison. The court imposed the upper term of eight years on count 1 (§ 288, subd. (a)), and consecutive (§ 669) two-year terms on counts 2 through 12. The terms on counts 2 through 12 were each comprised of one-third of the mid-term of six years (§ 288, subd. (a)), pursuant to section 1170.1, subdivision (a).

On appeal, Hernandez claims that his sentence must be vacated and the matter remanded for resentencing because the trial court: (1) committed an ex post facto violation by relying on the 2006 version of section 1203.066 (Stats. 2005, ch. 477, § 5) to conclude that he was ineligible for probation with respect to three counts (counts 1, 3, and 5), because the People failed to establish the offenses occurred after January 1, 2006, the effective date of that statute; and (2) erred in concluding that he was "absolutely ineligible for probation" with respect to counts 7 through 12. Although Hernandez

---

[1] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

concedes that a "prison sentence was mandatory on counts 2, 4, and 6," he maintains that the trial court retained discretion to impose a "hybrid sentence" in which the court would impose a term of imprisonment on counts 2, 4, and 6 and grant probation on the remaining counts, to be served consecutively to the prison term.

We need not consider whether the court improperly determined that Hernandez's convictions on counts 1, 3, 5 and 7 through 12 rendered him ineligible for probation because his convictions on counts 2, 4, and 6 undisputedly rendered him ineligible for probation, and a trial court lacks authority to impose the hybrid sentence that Hernandez seeks. (See *People v. Cramer* (1983) 149 Cal.App.3d 1135, 1139 (*Cramer*) [concluding trial court lacks authority to "order a probationary sentence to run consecutively to a state prison sentence"].) Therefore, even assuming that the trial court erred in concluding that Hernandez's convictions on counts 1, 3, 5, and 7 through 12 rendered him ineligible for probation, we conclude that any error was harmless because the trial court was required to deny Hernandez probation in light of his convictions on counts 2, 4, and 6. Accordingly, we affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual background*

1. *The People's evidence*

The victim, K.P., was born in 1998. In 2003, Hernandez began dating K.P.'s mother, and married her in 2004. Hernandez moved in with K.P. and her family in 2003

or 2004 and lived with K.P. and her family until 2008, except for a year during which K.P. and her mother moved to Guatemala.[2]

K.P. testified that Hernandez sexually abused her on more than 100 occasions during the time they lived together. K.P. estimated that Hernandez touched her vagina with his hand about 80 times, placed his penis to or in her anus about 10 or 15 times, licked her vagina about 10 times, had K.P. touch his penis approximately10 or 11 times, and placed his penis near or in her vagina three or four times. In addition, K.P. stated that Hernandez sucked her breasts approximately 100 times, and kissed her mouth and neck inappropriately approximately 95 times.

Much of this conduct occurred after 2005. For example, K.P. testified that Hernandez touched and licked her vagina in 2008. She also testified that Hernandez placed his penis in her vagina when she was eight years old (i.e., in 2006).

K.P.'s mother participated in a recorded controlled telephone conversation with Hernandez in 2012. During this conversation, Hernandez admitted having touched K.P.'s vagina with his hand and mouth on approximately five to 10 occasions, and asked K.P.'s mother to forgive him.

---

[2]    The record is unclear as to exactly when K.P. lived in Guatemala. At one point in her testimony, K.P.'s mother suggested that it was in 2005 or 2006, and at another point she testified that it was when K.P. was nine years old (i.e., in 2007 or 2008). K.P. testified that she moved to Guatemala in 2007.

During a police interview, Hernandez admitting having touched and licked K.P.'s vagina on numerous occasions at various times after 2005. He also admitted that, on approximately 10 occasions, he masturbated while rubbing his penis against K.P.'s vagina, to the point of ejaculation.

2.    *The defense*

Hernandez testified that he never engaged in any sexual conduct with K.P. and claimed that he had falsely confessed to engaging in such sexual conduct in the recorded telephone conversation and to the police. Several family members and friends attested to Hernandez's reputation for good character and honesty and stated their belief that he was incapable of committing the charged offenses.

B.    *Procedural background*

The People filed a third amended information charging Hernandez with 12 counts of lewd and lascivious acts upon a child under 14 years of age (§ 288, subd. (a)) (counts 1-12). With respect to each count, the information alleged that the conduct occurred between July 17, 2003 and July 16, 2010, and described the nature of the sexual activity alleged. The information described six different types of sexual activity and specified whether the charged offense constituted the "[first] occasion" of the conduct or the "last occasion." For example, count 1 stated the alleged offense involved, "[Hernandez's] penis to victim's vaginal area—[first] occasion." Count 2 stated that the alleged offense involved, "[Hernandez's] penis to victim's vaginal area —last occasion." The information

5

also alleged that Hernandez engaged in substantial sexual conduct with the victim with respect to counts 1 through 6 within the meaning of section 1203.066, subdivision (a)(8).

The jury found Hernandez guilty as charged with respect to all 12 counts. The jury also found that Hernandez engaged in substantial sexual conduct as alleged in counts 1 through 6.

Prior to sentencing, the prosecutor filed a sentencing brief that stated in relevant part, "[Hernandez] is ineligible for probation because [Hernandez] was convicted of [section] 1203.066[, subdivision] (a)(8) under Counts 1-6."

The probation officer submitted a report that stated in relevant part:

> "[Hernandez] is absolutely ineligible for probation pursuant to [section] 1203.066[, subdivision] (a)(8) in that his behavior consisted of Substantial Sexual Conduct with a minor under 14 years of age and therefore the circumstances surrounding a grant of probation are moot and need not be discussed."

At sentencing, the trial court stated: "Well, [Hernandez] is absolutely ineligible for probation, pursuant to Penal Code section 1203.066, subdivision (a)(8)," and, "[s]o probation will be denied." The court then sentenced Hernandez to an aggregate term of 30 years in prison as described in part I, *ante*.

III.

DISCUSSION

*Any error with respect to whether Hernandez's convictions on counts 1, 3, 5, and 7
through 12 rendered him ineligible for probation was harmless because Hernandez's
convictions on counts 2, 4, and 6 rendered him ineligible for probation, and the trial
court was not authorized to impose a prison sentence on some counts and grant a
consecutive period of probation on others*

Hernandez claims that his sentence must be vacated and the matter remanded to
the trial court with directions to hold a new sentencing hearing at which the court would
impose a prison sentence on counts 2, 4, and 6 and consider whether to grant him
probation on counts 1, 3, 5, and 7 through 12, with the probation term to be served
consecutively to the prison term.[3]

A.      *Hernandez's contentions and his proposed remedy*

With respect to counts 1, 3, and 5, Hernandez maintains that the trial court
violated the ex post facto clauses of the federal and state constitutions (U.S. Const., art. I,
§ 10; Cal. Const., art. I, § 9) in relying on the 2006 version of section 1203.066 in
concluding that he was ineligible for probation, because the prosecution failed to
establish that his commission of the offenses charged in counts 1, 3, and 5 occurred after
the effective date of the statute.  Hernandez notes the 2006 version of section 1203.066
provided that a defendant convicted of a violation of section 288 who had substantial

---

[3]      Hernandez states that he "does not contend that the court . . . should order a term
of probation and imprisonment to be served concurrently."

sexual contact with a victim under the age of 14 years of age is absolutely ineligible for probation, while prior to 2006, such defendants remained eligible for probation where a trial court made the findings outlined in former section 1203.066, subdivision (c).[4]

With respect to counts 7 though 12, Hernandez claims that the trial court erred in declaring him "absolutely ineligible for probation" pursuant to section 1203.066, subdivision (a)(8), because the jury did not find that he engaged in "substantial sexual contact" with respect to those counts. (*Ibid.*) With respect to counts 7, 9, and 11,

---

[4] Former section 1203.066, subdivision (c) (Stats. 1997, ch. 817, § 13) provided:
"(c) Paragraphs (7), (8), and (9) of subdivision (a) shall not apply when the court makes all of the following findings:
"(1) The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the victim's household.
"(2) A grant of probation to the defendant is in the best interest of the child.
"(3) Rehabilitation of the defendant is feasible, the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program designed to deal with child molestation immediately after the grant of probation or the suspension of execution or imposition of sentence.
"(4) The defendant is removed from the household of the victim until the court determines that the best interests of the victim would be served by returning the defendant to the household of the victim. While removed from the household, the court shall prohibit contact by the defendant with the victim, except the court may permit the supervised contact, upon the request of the director of the court ordered supervised treatment program, and with the agreement of the victim and the victim's parent or legal guardian, other than the defendant. As used in this paragraph, 'contact with the victim' includes all physical contact, being in the presence of the victim, communication by any means, any communication by a third party acting on behalf of the defendant, and any gifts.
"(5) There is no threat of physical harm to the child victim if probation is granted. The court upon making its findings pursuant to this subdivision is not precluded from sentencing the defendant to jail or prison, but retains the discretion not to do so. The court shall state its reasons on the record for whatever sentence it imposes on the defendant."

Hernandez additionally claims that the trial court committed a second ex post facto violation in relying on the 2006 version of section 1203.066 in concluding that he was ineligible for probation, because the prosecution failed to establish that his commission of the offenses charged in these counts occurred after the effective date of the statute.

Hernandez concedes that the trial court "lacked authority to impose probation on counts 2, 4, and 6" and that "a prison sentence was mandatory on counts 2, 4, and 6." However, he claims that the trial court had authority to impose a term of imprisonment on counts 2, 4, and 6 and to grant probation "on the remaining counts consecutive to any term of imprisonment." He contends that the matter should be remanded to the trial court for a new sentencing hearing at which the trial court may determine whether to impose such a "hybrid sentence."

B.      *California law does not permit a trial court to impose a term of imprisonment on some counts and grant probation on other counts, to be served consecutively to the prison term*

In *Cramer, supra*, 149 Cal.App.3d 1135, the Court of Appeal held "that a court may not order a probationary sentence to run consecutively to a state prison sentence . . . ." (*Id*. at p. 1139.) In concluding that a trial court "lack[s] the authority" (*id*. at p. 1137) to impose such a sentence, the *Cramer* court reasoned in part:

> "We are . . . unaware of any statutory or case law which permits a court to use its authority to stay execution of a judgment for the purpose of providing that a probationary sentence be served consecutively to a state prison sentence.
>
> "Such a procedure would appear to run counter to the underlying spirit and purpose of probation and the determinate sentence law.

> Probation is presumed to be a rehabilitative device which normally would be attempted prior to sentencing a defendant to state prison."
> (*Id*. at p. 1138.)

Although the opinion in *Cramer* is sparse in its reasoning,[5] we agree with the result. There is nothing in the statutes pertaining to probation that authorizes a trial court to impose a "hybrid sentence" comprised of a term of imprisonment on some counts, to be followed by a period of probation on others.

On the contrary, statutory language supports the conclusion that a trial court *lacks* the authority impose a prison sentence on some counts and issue an order granting probation on others in the same case. Section 1203, subdivision (b)(3) provides that a trial court shall determine the "the suitability of probation in the *particular case*" (italics added), and makes no reference to a court determining the suitability of a defendant with respect to *individual counts* in a case. In addition, section 1203, subdivision (b)(3) refers

---

[5] The *Cramer* court also reasoned that such a sentence was impermissible because, upon being released from prison, a prisoner must be placed on parole and it "would be incongruous for [the parolee] to be then simultaneously placed under probationary supervision." (*Cramer, supra*, 149 Cal.App.3d at p. 1138.) However, in *People v. Williams* (1991) 226 Cal.App.3d 1314 (*Williams*), the court observed that a defendant may be on both parole and probation under certain circumstances. The *Williams* court noted that such a circumstance could occur where a probationer while on probation, receives a state prison sentence in another criminal proceeding. If such a probationer were to fail to invoke his right under section 1203.2a to "to request that probation be revoked and sentence imposed," the probationer could be on parole from the second case and at the same time, on probation from the first case upon being released from prison. (*Williams, supra,* at p. 1317 [explaining that "[s]ection 1203.2a serves to prevent a defendant from being denied the benefit of section 669, which requires a concurrent sentence unless the court exercises its discretion and orders a sentence to be served consecutively to a prior sentence"].) Thus, we do not rely on the *Cramer* court's reasoning in this regard.

10

to a binary choice—a trial court shall either "place the person on probation" or determine that "probation is [to be] denied." (See, e.g., § 1203, subd. (b)(3) ["If the court determines that there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served by granting probation to the person, *it may place the person on probation. If probation is denied*, the clerk of the court shall immediately send a copy of the report to the Department of Corrections and Rehabilitation at the prison or other institution to which the person is delivered."].) The text of section 1203, subdivision (b)(3) thus supports the conclusion that the Legislature intended for probation eligibility to be determined with respect to a "particular case" rather than on a count by count basis.

The text of section 1203.1 also supports this conclusion. The statute provides that the court may issue an "order granting probation," and contains no language permitting a court to impose a sentence of imprisonment on some counts and issue an order granting probation on others (*id*., subd. (a) ["The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence, except as hereinafter set forth, and upon those terms and conditions as it shall determine"].)

In addition, numerous statutes provide that probation shall not be granted to certain *persons* convicted of particular crimes. (See, e.g., § 1203, subd. (e) ["probation shall not be granted to any of the following *persons*: (1) . . . any person who has been

11

convicted of arson" (italics added); § 1203.066, subd. (a) ["probation shall not be granted to . . . any of the following persons: (1) A person who is convicted of violating Section 288 or 288.5 when the act is committed by the use of force" (italics added)].) By rendering certain *persons* ineligible for probation based on a qualifying conviction, the Legislature evinced its understanding that probation is determined with respect to a particular *defendant*, rather than with respect to a particular *conviction*. Had the Legislature intended for probation to be granted with respect to certain counts and a prison term imposed on other counts within a single sentence, it would not have stated that certain *persons* were ineligible for probation based on a qualifying conviction. Rather, it would have specified that probation could not be granted for certain *convictions*.

In sum, Hernandez does not cite, and we are not aware of, any statutory or decisional authority supporting the proposition that a trial court has the authority to impose a sentence containing a term of imprisonment on some counts and to issue an order granting a period of probation of other counts to be served consecutively to the prison sentence.

C.    *Hernandez's convictions on counts 2, 4, and 6 rendered him ineligible for probation; any error that the trial court may have committed in determining that his convictions on the remaining counts also rendered him ineligible for probation was thus harmless*

As noted above, Hernandez concedes that he was "ineligible for probation on

12

counts 2, 4, and 6 under the version of section 1203.066 applicable to those offenses."[6]

He further acknowledges that "a prison sentence was mandatory on counts 2, 4, and 6, because the Information alleged and the jury found that those crimes involved substantial sexual conduct.  (See § 1203.066, subds. (a)(8) & (c)(1).)"[7]

In light of Hernandez's concessions and our conclusion in part III.B., *ante*, that a trial court lacks the authority to impose a term of imprisonment on some counts and grant probation on other counts to be served consecutively to the prison term in a single case, any error that the trial court committed in determining that Hernandez's convictions on

---

6      Although not expressly stated in his brief, Hernandez's concession appears to be based on the fact that the evidence presented at trial established that the crimes charged in counts 2, 4, and 6 occurred after January 1, 2006, the effective date of the 2006 version of section 1203.066.  Count 2 alleged,"[Hernandez's] penis to [K.P.'s] vaginal area—last occasion."  Count 4 alleged, "[Hernandez's] hand to [K.P.'s] vaginal area—last occasion."  Count 6, alleged, "[Hernandez's] mouth to [K.P.'s] vaginal area . . . —last occasion."  As noted in part II, *ante*, K.P. testified at trial that Hernandez engaged in each of these acts *after* 2005.

7      The 2006 version of section 1203.066 (Stats. 2005, ch. 477, § 5) provides in relevant part:
       "(a) Notwithstanding Section 1203 or any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for, any of the following persons:  [¶] . . . [¶]
       "(8) A person who, in violating Section 288 or 288.5, has substantial sexual conduct with a victim who is under 14 years of age.  [¶] . . . [¶]
       "(c)(1) Except for a violation of subdivision (b) of Section 288, this section shall only apply if the existence of any fact required in subdivision (a) is alleged in the accusatory pleading and is either admitted by the defendant in open court, or found to be true by the trier of fact."

13

the remaining counts *also* rendered him ineligible for probation was harmless because the trial court lacked authority to grant Hernandez *any* period of probation.[8]

IV.

DISPOSITION

The judgment is affirmed.

_____

AARON, J.

WE CONCUR:

_____

NARES, Acting P. J.

_____

HALLER, J.

---

[8]     Hernandez also claims that defense counsel provided ineffective assistance in failing to argue to the trial court that it "had authority to impose a . . . prison sentence followed by a probationary term." In light of our rejection of Hernandez's contention that the trial court had the authority to impose such a sentence, we reject this claim. (See *People v. Torrez* (1995) 31 Cal.App.4th 1084, 1091 ["[C]ounsel is not required to make futile motions or to indulge in idle acts to appear competent"].)

14