[No. A040330. First Dist., Div. Four. Sept. 29, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
BRENDA LEE SANFORD, Defendant and Appellant.

1182

COUNSEL

John D. Fletcher, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, and David D. Salmon, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

CHANNELL, J.—Pursuant to a negotiated plea, appellant Brenda Lee Sanford pled guilty to one count of selling cocaine. (Health & Saf. Code, § 11352.) She was sentenced to five years in state prison.

At sentencing the court did not consider whether to institute civil commitment proceedings pursuant to Welfare and Institutions Code section 3051, although the court found that Sanford was addicted to or in danger of becoming addicted to use of cocaine. The court did refer to her social background in its decision not to grant Sanford probation. The judge noted that she had two casual relationships that produced children and that neither of these relationships nor those with her family gave her a positive social background.

On appeal, Sanford contends that the court erred by failing to consider initiation of civil commitment proceedings and by basing its denial of

probation, in part, on the fact that she has two illegitimate children. We reverse the sentence and remand the case.[1]

## DISCUSSION

■ First, Sanford contends that the sentencing court erred by failing to consider whether civil commitment proceedings should be instituted. Although Sanford did not raise this issue at trial, she may do so for the first time on appeal. (*People* v. *Pineda* (1965) 238 Cal.App.2d 466, 473 [47 Cal.Rptr. 879].)

Under section 3051 of the Welfare and Institutions Code, when a defendant is convicted of a felony and is to be sentenced, execution of sentence must usually be suspended if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics. The judge must order the district attorney to file a petition for the defendant's commitment to the Director of Corrections for confinement at the California Rehabilitation Center unless, in the judge's opinion, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for this commitment.

■ In this case, the sentencing court found that Sanford was addicted to or in danger of becoming addicted to narcotics. Therefore, the statute requires the initiation of further proceedings to determine whether she should be committed, unless the judge finds her unfit for such a commitment. (*People* v. *Navarro* (1972) 7 Cal.3d 248, 263 [102 Cal.Rptr. 137, 497 P.2d 481]; *People* v. *Perez* (1987) 196 Cal.App.3d 686, 691 [242 Cal.Rptr. 135]; *People* v. *Lopez* (1978) 81 Cal.App.3d 103, 110 [146 Cal.Rptr. 165].)

Cases differ on whether the court must make a record of its consideration of the defendant's eligibility for civil commitment. In *People* v. *Pineda, supra,* 238 Cal.App.2d 466, 473, the appellate court remanded a similar case for resentencing, noting that there was no record of any consideration of civil commitment proceedings. However, in *People* v. *Flower* (1976) 62 Cal.App.3d 904 [133 Cal.Rptr. 455], the reviewing court concluded that the appellant had the burden of proving that the trial court failed to exercise its discretion in accordance with section 3051 of the Welfare and Institutions Code. In *Flower,* the court did not make a finding that the defendant was then or was in danger of becoming addicted. (*Id.,* at p. 909.) On a silent record, the court refused to remand the case. (*Id.,* at p. 910.) In an

---

[1] This case arose by means of a *Wende* brief. (See *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) The court identified these two issues and Sanford briefed them at our request.

analogous case, the appellate court found that while the trial court need not state its reasons for rejecting commitment, the record must reflect that commitment was considered. (*People* v. *Bracamonte* (1982) 137 Cal.App.3d 936, 940 [187 Cal.Rptr. 525] [commitment to Youth Authority].)

The Attorney General concedes that the trial court erred in refusing to consider civil commitment, and suggests that *Flower* be restricted to cases where the trial court has made no findings about the danger of addiction. We agree and therefore hold that when a sentencing court finds that a defendant is an addict or is in imminent danger of becoming addicted, the court must institute civil proceedings. On a silent record, we cannot find that the court discharged its duty to initiate these proceedings when the court found the defendant to be addicted or in imminent danger of becoming addicted. (See *People* v. *Pineda, supra,* 238 Cal.App.2d at p. 473; see also *People* v. *Bracamonte, supra,* 137 Cal.App.3d at p. 940.) This procedure assures that the sentencing court discharges its mandatory duty once it has made its threshold finding on addiction. (See Welf. & Inst. Code, § 3051.) Since the sentencing court made a finding regarding addiction in Sanford's case, we must reverse the sentence and remand this matter for consideration of whether commitment proceedings should be initiated.

The sentence is reversed and the cause remanded to the superior court for consideration of whether civil commitment proceedings must be instituted pursuant to section 3051 of the Welfare and Institutions Code. If criminal proceedings are not suspended or are later reinstituted, the superior court must conduct a new sentencing hearing. In all other respects, the judgment is affirmed.

Poché, Acting P. J., and Perley, J., concurred.