[No. F017765. Fifth Dist. July 28, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD E. PEEL, Defendant and ·Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1, 2 and 4.

**COUNSEL**

James F. Tritt, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Thomas Y. Shigemoto and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BROWN (G. A.), J.*—Defendant, Donald E. Peel, was charged with attempted murder (Pen. Code, §§ 664, 187),[1] possession or explosion of a destructive device (§ 12303.3), assault with a deadly weapon (§ 245, subd. (a)(1)), and possession of materials with the intent to make a destructive device (§ 12312). It was also alleged he personally used a firearm in the commission of the offenses charged in counts 2 and 3. Pursuant to a negotiated plea, he pled guilty to counts 2, 3, and 4; count 1 and the use allegation were dismissed.

The court sentenced defendant to the middle term of five years on count 2; it stayed a middle term of three years on count 3 (§ 654); and it imposed a middle term of three years on count 4 to run concurrently.

On appeal,[2] defendant asserts several sentencing errors. He contends the trial court erred by failing to (1) state its reasons for imposing the middle terms; (2) consider his alcohol and drug abuse as mitigating factors; (3) recommend he participate in a substance abuse counseling or education program while imprisoned; and (4) consider or recommend referral to the California Rehabilitation Center (CRC).

### FACTUAL AND PROCEDURAL HISTORY

In the early morning hours of September 9, 1990, defendant exploded two pipe bombs outside the apartment of Ernest Estrada and Ginger Navarro in retaliation for their having taken $1,400 from defendant's girlfriend in a failed drug transaction. Various items used to make pipe bombs were later found in the saddlebags of defendant's motorcycle, in his room, and at his place of employment. A handgun was also found in the motorcycle saddlebags.

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Counsel.

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]Ordinarily, a defendant may appeal from a judgment of conviction on a plea of guilty only if he or she first files a written statement with the trial court setting out grounds going to the legality of the proceedings, and the trial court files a certificate of probable cause with the county clerk. (§ 1237.5; Cal. Rules of Court, rule 31(d).) However, this requirement does not apply if the appeal is based solely upon grounds occurring after entry of the plea which do not challenge its validity, and the notice of appeal states it is based upon such grounds. (Cal. Rules of Court, rule 31(d).)

Defendant did not comply with section 1237.5. Further, the Attorney General contends defendant's notice of appeal, which states only that he is appealing from "the judgment (sentence)" pronounced by the trial court, does not comport with California Rules of Court, rule 31(d). After the parties' briefs were filed, this court granted defendant leave to file an amended notice of appeal in accordance with the California Rules of Court. He subsequently did so.

Following defendant's guilty pleas, the court referred him to the probation department for its recommendations on sentencing. The probation officer's report noted defendant was statutorily ineligible for probation on the charges in counts 2 and 4.[3] As the single factor in mitigation, it stated: "The defendant is ineligible for probation and but for that eligibility [*sic*] would have been granted probation." (Cal. Rules of Court, rule 423(b)(4).)[4] It cited two factors in aggravation: the offense involved a high degree of callousness, and the offense was carried out in a manner indicating planning, sophistication, or professionalism. (Rules 421(a)(1) and 421(a)(8), respectively.) The report concluded by recommending the sentence subsequently imposed by the court.

According to the probation officer's report, "[t]he defendant stated that at the time of the offense he was doing crank and had been without sleep for five days" and that he " 'wasn't in [his] right state of mind.' " Further, under the heading of "DRUG/ALCOHOL USE," the probation officer wrote:

"The defendant states that he has been sober for 6 months. Previously for two or three years the defendant drank on the average of 15 beers a day. He has been drinking in this manner since he was 33 to 36 years of age and states that he does not have a problem with alcohol.

"The defendant states that he has been drug-free for one year. Prior to that the defendant used crank, usually every day. The defendant used crank in this manner for approximately one year and his habit cost him $50 a day. From the age of 18 to 20 the defendant used marijuana everyday."[5]

At the sentencing hearing, defense counsel asked the court to consider additional mitigating factors, including defendant's substance abuse. Counsel pointed out to the court "Mr. Peel told probation at the time of this incident that he was [a] substance abuser and strung out. Essentially, your Honor, although it's not a legal excuse, it's a factor the Court can consider in mitigation."

After some additional discussion on other topics, the court pronounced sentence with the following introductory statement: "The Court's going to

[3]Section 12311 provides: "No person convicted of a violation of this chapter [encompassing sections 12301 through 12312 and relating to destructive devices] shall be granted probation, and the execution of the sentence imposed upon such person shall not be suspended by the court."

[4]All future references to rules are to the California Rules of Court.

[5]The offenses were committed on September 9, 1990. Defendant was interviewed by the probation officer on November 12, 1991, at which time he was 39 years old. He was sentenced on February 25, 1992. In the interim he spent a total of 44 days in jail.

deny this defendant's application for probation. He is statutorily [*sic*] ineligible for probation, even though he were not [*sic*], this Court would be inclined to deny probation in any event because of the circumstances of this case."

The court then imposed prison terms on counts 2, 3, and 4 in accord with the probation officer's recommendations. It did not state its reasons for imposing the terms, nor did it discuss defendant's substance abuse in connection with any of the issues defendant raises on appeal.

## DISCUSSION

1., 2.*

. . . . . . . . . . . . . . . . . . . . . . . . .

3. *Recommendation of Substance Abuse Counseling.*

Defendant was sentenced on February 25, 1992. Section 1203.096, which took effect on January 1 of that year, provides:

"(a) Upon conviction of any felony in which the defendant is sentenced to state prison and in which the court makes the findings set forth in subdivision (b), a court shall, in addition to any other terms of imprisonment, fine, and conditions, recommend in writing that the defendant participate in a counseling or education program having a substance abuse component while imprisoned.

"(b) The court shall make the recommendation specified in subdivision (a) if it finds that any of the following are true:

"(1) That the defendant at the time of the commission of the offense was under the influence of any alcoholic beverages.

"(2) That the defendant at the time of the commission of the offense was under the influence of any controlled substance.

"(3) That the defendant has a demonstrated history of substance abuse.

"(4) That the offense or offenses for which the defendant was convicted was drug related."

The trial court did not make any such findings, nor did defendant object or raise the issue himself. Consequently, the initial question is

---

whether defendant by failing to request the findings thereby waived any claim of error on appeal.

Defendant points to the so-called rule with respect to civil commitment proceedings under Welfare and Institutions Code section 3051 that a defendant may challenge the trial court's failure to initiate such proceedings even though he or she did not request a commitment at the sentencing hearing. (*People* v. *Young* (1991) 228 Cal.App.3d 171, 182 [278 Cal.Rptr. 784]; *People* v. *Sanford* (1988) 204 Cal.App.3d 1181, 1183 [251 Cal.Rptr. 707].) However, *Young* relies for this rule on *Sanford* which, in turn, relies on *People* v. *Pineda* (1965) 238 Cal.App.2d 466, 473 [47 Cal.Rptr. 879].

In *Pineda*, the defendant was convicted of heroin possession and sentenced to an indeterminate term of from 15 years to life. When it imposed sentence, the trial court was under the mistaken belief the defendant had suffered two prior felony convictions. In fact, one of the convictions had been sentenced as a misdemeanor. In considering whether the mistake was harmless, the appellate court noted the sentencing judge might have initiated civil commitment proceedings had it known the correct facts. It concluded: "Where, as here, the penalty for the crime is extremely harsh and the program of rehabilitation strongly supported by public policy, and we are not assured that the sentencing judge was enabled to evaluate properly the possibility of rehabilitation for this appellant, we deem it proper to remand the case for sentencing." (238 Cal.App.2d at p. 473.)

Thus, since the defendant in *Pineda* did not claim the trial court erred in failing to consider civil commitment, the court did not necessarily decide the question for which it is cited in *Sanford*. Further, to the extent it may be read as having done so, the decision was based in part on policy considerations which do not exist with respect to section 1203.096.

When a trial court makes the findings called for in subdivision (b) of section 1203.096, it must make a written recommendation that "the defendant participate in a counseling or education program having a substance abuse component while imprisoned." However, there apparently is no corresponding requirement the appropriate authorities heed the recommendation. If the trial court were required, sua sponte, to make the recommendation whenever any one of the four enumerated factors exists, the effect would be to impose an additional procedural requirement on the courts without any corresponding promise of benefit to the large number of defendants thus referred. The apparent intent of section 1203.096 to provide

substance abuse counseling and education would be better served by limiting its application to those circumstances where the defendant requests such services and is found by the trial court to be in a position to benefit from them.

 Further, defendant has failed to present any compelling reason in this situation why we should not follow the well-established rule that an appellate court will ordinarily decline to consider alleged errors when the appellant could have raised an objection in the lower court but did not. " 'The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided . . . .' " (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].)

" ' "In the hurry of the trial many things may be, and are, overlooked which would readily have been rectified had attention been called to them. The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " (*Grimshaw* v. *Ford Motor Co.* (1981) 119 Cal.App.3d 757, 784 [174 Cal.Rptr. 348], cited in *People* v. *Saunders* (1993) 5 Cal.4th 580, 590 [20 Cal.Rptr.2d 638, 853 P.2d 1093].)

 Consequently, we conclude that a defendant who fails to request findings pursuant to section 1203.096, subdivision (b), or to object to the trial court's failure to make such findings, thereby waives his or her right to raise the issue for the first time on appeal.

Defendant's additional argument that the undisputed evidence of his drug and alcohol abuse is the legal equivalent of the requisite findings under section 1203.096, subdivision (b), is rejected.

4. *Commitment to CRC.*\*

. . . . . . . . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante*, page 594.

## DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied August 24, 1993, and appellant's petition for review by the Supreme Court was denied October 20, 1993.