Filed 10/25/22 P. v. Bravo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FLORENCIO BRAVO,<br><br>    Defendant and Appellant. | F083255<br><br>(Super. Ct. No. MCR055012)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County. Mitchell C. Rigby, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Peña, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

Defendant Florencio Bravo pled guilty to one count of corporal injury to a spouse resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a))[1] and was subsequently placed on felony probation. On July 18, 2017, probation filed a violation of probation petition and defendant was arraigned on the petition on September 3, 2019, and ordered to appear on September 23, 2019. On that date, defendant failed to appear and the trial court issued a bench warrant. On or about December 3, 2019, the Fresno Police Department arrested defendant for a new law violation and defendant was not brought back to the trial court regarding the probation violation until March 23, 2021.

On appeal, defendant contends the trial court erred in concluding it lacked the authority to dismiss the violation of probation petition because he was not provided notice of his right to demand a trial or sentencing pursuant to section 1381. Alternatively, defendant contends his rights under section 1203.2a were also violated when he was not provided proper notice of the violation of probation petition.

We conclude the trial court properly denied defendant's motion to dismiss for lack of a speedy hearing because defendant had notice he had a pending probation violation in Madera County and failed to comply with the strict requirements of sections 1381 and 1203.2a. Accordingly, we affirm the trial court's order denying defendant's motion to dismiss for lack of a speedy hearing.

## STATEMENT OF THE CASE

On December 8, 2016, defendant pled guilty to one count of corporal injury to a spouse resulting in a traumatic condition (§ 273.5, subd. (a)). The trial court subsequently placed defendant on felony probation with the conditions he complete the batterer's treatment program (BTP), and comply with alcohol terms and a no-contact criminal protective order.

---

[1] All further references are to the Penal Code.

On February 14, 2017, defendant was arraigned on a violation of probation and the trial court set the matter for trial confirmation on February 17, 2017. On February 17, 2017, defendant admitted the probation violation and was ordered to serve 90 days in jail and probation was revoked and reinstated for three years. Defendant was ordered to appear on May 11, 2017, to show proof of enrollment in BTP.

On May 11, 2017, defendant requested additional time to enroll in BTP and the review was continued until June 8, 2017. On that date, defendant failed to appear and the trial court issued a bench warrant in the amount of $10,000.

On July 18, 2017, probation filed a petition and hearing on revocation of probation alleging defendant: (1) failed to appear at the June 8, 2017, BTP review; (2) committed a new law violation; (3) failed to provide proof of enrollment in BTP; and (4) moved from his reported residence without notifying probation.

On August 13, 2019, defendant posted bail and was ordered to appear in the trial court on September 3, 2019. On September 3, 2019, defendant was arraigned on the violation of probation petition and was ordered to appear for a further hearing on September 23, 2019. On September 23, 2019, defendant failed to appear and the trial court issued a bench warrant in the amount of $10,000.

On February 13, 2020, the bail company filed a motion to vacate forfeiture and exonerate bail and stated, "[O]n December 3, 2019, [d]efendant was arrested and booked at the Fresno County Jail … with an unknown release date." The motion included an inmate tracker indicating defendant was being held in Fresno County on multiple charges. On March 10, 2020, the trial court granted the motion to vacate forfeiture and exonerate bail.

3.

On March 23, 2021, probation filed a first amended probation revocation petition alleging defendant committed new law violations in Fresno County[2] and defendant was arraigned on the amended petition and the matter was set for a hearing on March 25, 2021.[3]

On June 30, 2021, trial counsel filed a motion to dismiss the probation violation due to lack of a speedy hearing, specifically arguing defendant was entitled to the benefits of section 1381. On July 16, 2021, the trial court denied defendant's motion to dismiss for lack of a speedy hearing. Specifically, the court stated:

> "I will not be dismissing this matter. The defendant had the right to go ahead and seek a [section] 1381 demand. There apparently was no effort in that regard, whether in Madera or Fresno or any other jurisdiction with regard to anyone—pardon me, any matters related to this case ending 5012, so I do not have the authority that would support the dismissal as requested, so the motion is denied."

On July 30, 2021, defendant admitted the probation violation and on August 26, 2021, the trial court revoked probation and sentenced defendant to the middle term of three years.

A timely appeal followed.

## DISCUSSION[4]

### I. Section 1381

On appeal, defendant contends the trial court erred in denying his motion to dismiss without first holding a hearing on notice. Specifically, defendant argues that

---

[2] The April 13, 2021, supplemental report and recommendation by probation indicates on June 10, 2020, defendant was convicted and sentenced to three years' state prison in this matter.

[3] On May 7, 2021, defendant entered into a time waiver and this waiver remained until July 8, 2021.

[4] The underlying facts of the case are irrelevant to our resolution of the issues presented on appeal. We therefore will not summarize the facts.

although he failed to make a formal section 1381 demand, this requirement was waived because he was not provided notice to alert him of his right to exercise his section 1381 rights. We disagree.

### A.    Applicable Law

Section 1381 provides, in relevant part:

"Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a state prison or has been sentenced to and has entered upon a term of imprisonment in a county jail for a period of more than 90 days or has been committed to and placed in a county jail for more than 90 days as a condition of probation … and has entered upon his or her term of commitment, and at the time of the entry upon the term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment or commitment and his or her desire to be brought to trial or for sentencing unless a continuance beyond the 90 days is requested or consented to by the person, in open court, and the request or consent entered upon the minutes of the court in which event the 90-day period shall commence to run anew from the date to which the consent or request continued the trial or sentencing. In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall … dismiss the action."

" '[T]he principal purpose "of section 1381 'is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion.' " ' " (*People v. Wagner* (2009) 45 Cal.4th 1039, 1056.) "[T]he plain meaning of the phrase 'there is pending … any criminal proceeding wherein the defendant remains to be sentenced' [citation] includes a probation revocation proceeding in which the imposition of sentence was suspended when probation was granted." (*Ibid.*)

Section 1381 is one of a series of statutory speedy trial provisions that "are 'supplementary to and a construction of' the state constitutional speedy trial guarantee."

(*People v. Martinez* (2000) 22 Cal.4th 750, 766; *People v. Villanueva* (2011) 196 Cal.App.4th 411, 422; *Craft v. Superior Court* (2006) 140 Cal.App.4th 1533, 1539.) However, "[s]ection 1381 was not intended to be used as a means of avoiding prosecution." (*People v. Boggs* (1985) 166 Cal.App.3d 851, 855.) " 'An express requirement for the operation of … section 1381 … is that the defendant shall "desire to be brought to trial." Clearly implied is the condition that he shall reasonably cooperate with, and not obstruct, the prosecutor's efforts to bring on the trial within the statutory period. The statute is designed to implement the Constitution [citations]; it is not to be invoked by a defendant for the purpose of starting the statutory time running, and then by one means or another forestalling a trial within that period, thus to attain immunity from further prosecution.' " (*Id.* at p. 855, fn. 3.)

As a preliminary matter, section 1381 states the district attorney must bring the charge to trial within 90 days "after the person shall have delivered to said district attorney" his written demand to be brought to trial. (§ 1381.) "Because of the drastic sanction imposed by section 1381, a prisoner must strictly comply with its conditions." (*People v. Gutierrez* (1994) 30 Cal.App.4th 105, 111.) The record must show a defendant's section 1381 demand "was served on the district attorney … [¶] … so as to commence the running of the 90-day period." (*Ibid.*) The 90-day timeline commences on the date of delivery, and not when the defendant executes or transmits the demand, because the district attorney would have no opportunity to comply with the speedy trial demand without actual notice. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1301–1302.)

With that being said, "[t]he constitutional right to a speedy trial protects every accused; a convict is not excepted." (*In re Mugica* (1968) 69 Cal.2d 516, 522–523.) Our Supreme Court pointed out that where a statute on the speedy trial right of an incarcerated defendant is silent on the duty to notify the prisoner, "the constitutional rights … to a speedy trial require that notice be given that a charge has been made against

the prisoner within a reasonable time thereafter so that if he wishes to do so he may avail himself of the remedy provided therein." (*Id*. at p. 524.)

## B.     Analysis

Here, it is undisputed defendant did not comply with the strict requirements of section 1381. (§ 1381; see *People v. Gutierrez*, *supra*, 30 Cal.App.4th at p. 111.) Nonetheless, defendant contends that although defendant failed to make a section 1381 demand, it did not bar the trial court from granting relief because "[t]here is no evidence [defendant] was ever informed or given notice that he had a pending warrant in Madera County until after he had completed the Fresno County sentence to prison."

This court's decision in *People v. Young* (1991) 228 Cal.App.3d 171 (*Young*) is instructive.[5]   In *Young*, defendant's "[p]robation was revoked and a warrant issued for his arrest … [while defendant] was serving time in state prison for another offense committed in San Joaquin County and a hold was placed on him for purposes of the probation revocation." (*Id*. at pp. 174–175.) After serving his prison sentence, defendant was arrested on the warrant and subsequently admitted violations of probation. (*Id*. at p. 175.) The defendant told the sentencing court he was uninformed of the probation hold until 10 days before he was to parole. (*Id*. at p. 180.) This court concluded that "[d]ue to the delay in notifying [the defendant] of the pending probation revocation proceedings, he was deprived of the opportunity to request that his sentence run concurrently." (*Id*. at p. 181.) The court continued:

> "The apparent reason for the delay was that [the defendant's] whereabouts were unknown since San Joaquin County failed to inform Stanislaus County of the incarceration. San Joaquin County accepted

---

[5]     This court analyzed section 1203.2a, which specifically deals with sentencing requirements for probationers committed to prison for a separate offense. (*Young*, *supra*, 228 Cal.App.3d at pp. 179–180.) However, both sections 1381 and 1203.2a "contemplate speedy sentencing." (*Rudman v. Superior Court* (1973) 36 Cal.App.3d 22, 27.)

courtesy supervision of [the defendant] in June of 1987. He reported regularly to the San Joaquin County Probation Department until his incarceration, and San Joaquin County ultimately discontinued courtesy supervision on May 16, 1988. The record does not reveal when San Joaquin County advised Stanislaus County it no longer was providing courtesy supervision. … The record contains no justification by the state for the delay in providing notice to [the defendant] of the pending probation revocation proceedings." (*Young*, *supra*, 228 Cal.App.3d at p. 181.)

On September 3, 2019, defendant was arraigned on the probation violation petition and trial counsel acknowledged receipt of the petition, waived advisement of statutory rights, and entered a denial. The trial court ordered defendant to appear on September 23, 2019, but he failed to appear on that date and the trial court issued a bench warrant. Unlike the defendant in *Young*, defendant was arraigned and provided a copy of the petition on September 3, 2019, and thus was aware of the pending probation violation. Although there may have been issues with the bench warrant attaching, defendant, even prior to his December 3, 2019, arrest, had notice he had a pending probation violation in Madera County and therefore was required to file and deliver a section 1381 demand to the district attorney's office. (See *In re Mugica*, *supra*, 69 Cal.2d at pp. 523–524 [Speedy trial rights require "notice be given that a charge has been made against the prisoner within a reasonable time thereafter so that if he wishes to do so he may avail himself of the remedy provided therein"].) The record is void of any evidence defendant made the proper demand to the district attorney in case No. MCR055012 to commence running of the 90-day period. (§ 1381.) Accordingly, the trial court properly denied defendant's section 1381 motion to dismiss and did not set the matter for a speedy trial hearing because "defendant had the right to go ahead and seek a 1381 demand [, but t]here apparently was no effort in that regard, whether in Madera or Fresno .…"

Nonetheless, defendant argues this demand requirement was waived because it was incumbent on both the district attorney and the Department of Corrections and Rehabilitation to inform him of his section 1381 rights, which they failed to do. Even

assuming defendant was convicted and subsequently imprisoned on June 10, 2020,[6] he was still required to make a speedy hearing demand. (*People v. Villanueva*, *supra*, 196 Cal.App.4th at p. 423, fn. 12 ["[W]hen the defendant is already serving a sentence in prison, the defendant's statutory entitlement to a speedy trial depends upon the defendant's written assertion of that right."].) Further, the district attorney only has an obligation to bring defendant to trial or for sentencing *after* a defendant makes and delivers a written demand. (§ 1381.) Therefore, because defendant never made a speedy hearing demand, neither the district attorney nor the Department of Corrections and Rehabilitation had any obligation to notify him of his section 1381 rights.

## II.    Section 1203.2a

Alternatively, defendant contends he was denied his rights under section 1203.2a because he was not informed of the warrant for the pending probation violation and was not informed of his section 1203.2a rights. We again disagree.

### A.    Applicable Law

Section 1203.2a provides, in part:

"If any defendant who has been released on probation is committed to a prison in this state … the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose

---

**6**    There is a dispute as to whether defendant was sentenced to prison in the Fresno County matter on June 10, 2020. Based on probation's supplemental report and recommendation dated April 13, 2021, wherein it states on June 10, 2020, defendant was convicted in Fresno County and sentenced to three years' state prison, we conclude defendant was imprisoned in the Department of Corrections and Rehabilitation for purposes of this appeal.

9.

sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"… If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence."

As our Supreme Court has summarized, "[S]ection 1203.2a provides for [three] distinct jurisdictional clocks: (1) the probation officer has 30 days from the receipt of written notice of defendant's subsequent commitment within which to notify the probation-granting court (2d par.); [7] (2) the court has 30 days from the receipt of a valid, formal request from defendant within which to impose sentence, if sentence has not previously been imposed (3d par., 4th sentence); and (3) the court has 60 days from the receipt of notice of the confinement to order execution of sentence (or make other final order) if sentence has previously been imposed (3d par., 3d sentence). Failure to comply with any one of these three time limits divests the court of any remaining jurisdiction. (5th par.)" (*In re Hoddinott* (1996) 12 Cal.4th 992, 999.)

Similar to section 1381, the purpose of section 1203.2a is to "prevent the inadvertent denial of the benefit of concurrent sentencing under … section 669 and is structured to preclude the mechanical imposition of consecutive sentences by depriving

---

**7** This requirement applies whether or not sentence has previously been imposed. (*People v. Holt* (1991) 226 Cal.App.3d 962, 965, 967.)

the court of further jurisdiction over the defendant if the court fails to act within 60 days following notification of defendant's confinement." (*Pompi v. Superior Court* (1982) 139 Cal.App.3d 503, 507, fn. omitted.) "Because loss of jurisdiction is such a severe sanction, however, courts have been unwilling to impose it 'unless the sentencing court's jurisdiction has been ousted by strict compliance with the statute. [Citations.]' " (*People v. Murray* (2007) 155 Cal.App.4th 149, 156.)

### B.    Analysis

At the outset, defendant has not waived his section 1203.2a claim even though he did not argue the applicability of the law in the trial court. (See *Young*, *supra*, 228 Cal.App.3d at p. 178 [court held the defendant did not waive his section 1203.2a claim "even though the precise code section was not cited"].) With that being said, similar to section 1381, section 1203.2a requires " 'strict compliance with the statute.' " (*People v. Murray*, *supra*, 155 Cal.App.4th at p. 156.)

Although defendant did not make a speedy hearing demand, a probation officer, upon learning of the defendant's imprisonment, may inform the probation court *and* must inform the probation court of the defendant's imprisonment within 30 days after being notified in writing by either the defendant, the defendant's counsel, or the prison. (§ 1203.2a.) As of April 13, 2021, probation was aware defendant was sentenced to three years' prison in his Fresno County matter on June 10, 2020. However, probation stated, "[Defendant] absconded and his *whereabouts were unknown* from June 2017 until he was booked at the Madera County Jail on March 19, 2021." (Italics added.) During this time period, defendant never informed probation or the trial court about his imprisonment.[8] On March 23, 2021, defendant was arraigned on the amended violation of probation petition and after multiple time waivers admitted the probation violation on

---

**8**    There is nothing in the record to indicate the trial court was aware of defendant's imprisonment prior to March 23, 2021.

July 30, 2021, and was sentenced on August 26, 2021.  Accordingly, defendant was brought to trial and sentenced well within the time requirements of section 1203.2a.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's order denying defendant's motion to dismiss for lack of a speedy hearing.