Filed 3/28/14  P. v. Flores CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057234 |
| v. | (Super.Ct.No. RIF1202970) |
| GILBERT CARMELO FLORES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Gilbert Carmelo Flores guilty of residential burglary (Pen. Code, § 459).[1] The trial court thereafter denied probation and sentenced defendant to the upper term of six years in state prison. On appeal, defendant contends that (1) the trial court abused its discretion in denying him probation; (2) the court clerk's minute order and abstract of judgment directing him to participate in a substance abuse program while in prison should be amended; and (3) the court clerk's minute order prohibiting him from owning or possessing any firearms, ammunition or deadly weapons for life must be amended. We agree with the parties that the minute order and abstract of judgment should be modified, but reject defendant's remaining contention.

I

FACTUAL BACKGROUND

On May 23, 2012, at around 8:00 a.m., Riverside County Sheriff's Deputy Taroo Curry responded to a residential burglar alarm. While investigating the residence, Deputy Curry noticed that the rear bedroom window of the residence had been broken. Approximately three minutes later, the deputy saw a man, later identified as defendant, looking out the window. Deputy Curry was concealed from defendant's view and called for backup.

About several minutes later, Deputy Curry saw defendant at the rear sliding glass door. Defendant opened the rear sliding glass door, peered around, and then walked out

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

of the residence holding a duffle bag. Deputy Curry did not make eye contact with defendant. Defendant jumped over a fence into another backyard.

Deputy Curry followed defendant and confronted him. Deputy Curry identified himself and told defendant to stop. Defendant stopped, turned around, and made eye contact with the deputy. When the deputy asked defendant if anyone else was inside the residence, defendant responded that his friend was inside, asserted the residence was his, and then fled, jumping over fences through several backyards. While speaking to defendant, Deputy Curry noticed a black Camaro in his peripheral vision. The Camaro made a U-turn and traveled in the same direction that defendant fled. Deputy Curry was unable to chase defendant due to the fences, and advised dispatch of his location and defendant's description.

Deputy Curry returned to the residence and found no one inside. The deputy observed that the residence had been ransacked; that doors and drawers had been left open; and that clothing, mail and other items had been scattered throughout the house. The deputy also found the duffle bag he saw defendant carrying. The duffle bag contained gloves the deputy saw on defendant's hands, jewelry, a broken vase, and loose coins. The home owner later identified those items as her property.

Approximately an hour and a half later, other deputies stopped the Camaro. Three males were inside the vehicle; however, defendant was not among the three males. Deputy Curry nonetheless suspected the men were involved in the burglary and the vehicle was searched. Deputy Curry found defendant's driver's license inside a wallet, as well as a rental agreement for the car in defendant's name.

3

Later that day, deputies went to defendant's residence and arrested defendant. A search of defendant's residence revealed stolen items and pawn slips.

II

DISCUSSION

A.     *Denial of Probation*

Defendant argues that the trial court abused its discretion in denying him probation because the court misapplied the relevant criteria for determining a finding of an unusual case justifying probation. Defendant also asserts that the court abused its discretion in denying him probation because the court failed to consider and misapplied the factors supporting a grant of probation. We disagree.

The trial court is required to determine whether a defendant is eligible for probation. (Cal. Rules of Court, rule 4.413(a).)[2] All defendants are eligible for probation if they are not within one of the categories restricting the availability of probation. The most severe restrictions unconditionally prohibit probation for certain felony cases (see, e.g., §§ 1203.06-1203.09), while other restrictions merely limit the sentencing court's authority to grant probation except in unusual cases in which the interest of justice would best be served. (See, e.g., § 1203, subd. (e).) Section 462, subdivision (a), prohibits a grant of probation to defendants who commit residential burglary "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted

---

[2] All further rule references are to the California Rules of Court.

4

probation."[3]  Defendant acknowledges that he was presumptively ineligible for probation under this provision.

When a defendant is presumptively ineligible for probation, a trial court first decides (employing the criteria set forth in rule 4.413) whether the presumption is overcome because it involves an unusual case in which the interest of justice would be served by a grant of probation.  (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 830.)  The court's ruling on this issue will not be reversed absent an abuse of discretion.  (*Id*. at p. 831.)  If the court determines the case qualifies as an unusual case, it then considers whether to grant probation employing the criteria set forth under rule 4.414.  (*Id*. at p. 830.)  "Under rule 4.413, the existence of any of the listed facts does not necessarily establish an unusual case; rather, those facts merely '*may* indicate the existence of an unusual case.'  (Rule 4.413(c), italics added.)  This language indicates the provision 'is permissive, not mandatory.'  [Citation.]  '[T]he trial court may but is not required to find the case unusual if the relevant criterion is met under each of the subdivisions.'  [Citation.]"  (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.)

The appellate court presumes the trial court acted to achieve legitimate sentencing objectives, and a defendant must therefore clearly show that a sentencing decision was "so irrational or arbitrary that no reasonable person could agree with it."  (*People v.*

---

[3]  Section 462 specifically provides:  "(a) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house . . . .  [¶]  (b) If the court grants probation under subdivision (a), it shall specify the reason or reasons for that order on the court record."

*Carmony* (2004) 33 Cal.4th 367, 377.)  This court has no authority to substitute its own judgment for that of the trial court and must affirm even if reasonable people might disagree.  (*People v. Stuart*, *supra*, 156 Cal.App.4th at pp. 178-179.)  To establish abuse, the defendant must show that, under the circumstances, the sentencing decision was arbitrary, capricious, or "'exceed[ed] the bounds of reason . . . .'"  (*People v. Warner* (1978) 20 Cal.3d 678, 683, superseded by statute on another ground as stated in *People v. Douglas* (1999) 20 Cal.4th 85, 92, fn. 6.)  Defendant bears a heavy burden when attempting to show an abuse of discretion.  (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)

Under rule 4.413, facts that may indicate an unusual case include: (1) the circumstance giving rise to the limitation on probation is substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes; (2) the current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration for a substantial time before the current offense; (3) the defendant participated in the crime under circumstances of great provocation, coercion or duress not amounting to a defense; (4) the crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and (5) the defendant is youthful and has no significant record of prior criminal offenses.

Courts must construe "unusual cases" and "interests of justice" narrowly so that the statutory limitations on probation have substantial scope and effect. (*People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1229 (*Dorsey*) [Fourth Dist., Div. Two].) Thus, unusual cases are limited to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced. (*Ibid.*)

Citing to cases wherein the victims suffered injuries or were sexually assaulted during the commission of the residential burglaries, defendant argues that his case is "much less serious" than other cases involving residential burglaries. Defendant explains that his burglary was committed at around 8:00 a.m. when no one was home, thus minimizing the risk of confrontation with residents; that he was not armed with a weapon and did not physically harm anyone; and that the total loss to the victim was of not great value. He further argues that he was youthful, only 23 years old when he committed the instant offense, and that he did not have a significant record of prior criminal convictions. Defendant also asserts that beginning at a young age, he was not provided with the proper guidance, and suggests that he had suffered from traumatic events when his mother took him away from his father and allowed him to drop out of school in the sixth grade; and that, with the guidance of his paternal uncles, since being released on his own recognizance he had applied for and enrolled in the U-Turn for Christ program, completing over 315 hours of volunteer service by August 2012. Defendant made similar arguments in the court below. The trial court rejected these arguments, finding none of the relevant probation eligibility criteria applicable in this case, and concluded "[i]t's clear . . . that this would be an inappropriate case for probation."

7

Following a thorough review of the record, we cannot find that the trial court abused its discretion in finding defendant was not eligible for probation. While defendant did not confront or harm or assault a resident during the commission of this residential burglary, we do not agree that defendant's conduct here is substantially less serious than any other residential burglary. (See *Dorsey*, *supra*, 50 Cal.App.4th at p. 1229 [unusual cases must be narrowly construed].) Moreover, the record shows that defendant had a recent record of committing a similar crime of violence. Defendant stated that he had served 37 to 38 months in prison for a 60-month sentence imposed following his conviction for felony grand larceny committed in Nevada in 2007. In regards to that prior offense, defendant explained that he had stolen a firearm from a residence. Following his Nevada conviction, defendant had initially been placed on probation for 60 months, but then violated probation and was sentenced to prison for 60 months. Defendant stated that he had also spent time in custody for possession of a stolen vehicle, but claimed that charge had been dismissed. In addition, there is a pending receiving stolen property charge in light of the stolen property found in defendant's residence at the time of his arrest in this case. Hence, besides defendant's conduct being typical of other types of residential burglaries, defendant had a recent record of committing similar crimes; defendant's current offense was just as serious or more serious than his prior felony conviction; and defendant had not been free from incarceration for a substantial time before he committed the current offense.

We acknowledge that defendant can be characterized as being relatively young; that he presumably had an unstable upbringing; and that he had been provided with

guidance and support since being released on his own recognizance in this case. However, these factors are insufficient in this case to overturn the trial court's finding that this was not an unusual case, especially in light of the current offense and relatively similar and recent past offenses.

The trial court here properly exercised its discretion in finding that the presumption against probation eligibility should not be overridden. The trial court was aware of the factors before it and thoroughly analyzed those factors; and defendant's trial counsel fervently argued in favor of probation while methodically examining each factor. Because exceptions for unusual cases are to be narrowly construed, and because the record reflects the trial court was aware of the analytical factors before it, we hold that the trial court did not abuse its discretion in determining defendant's case was not unusual. Defendant has not provided relevant authority or facts to support his claim that his case is unusual or that the court's sentence was arbitrary or capricious.

Because we are satisfied that the trial court did not abuse its discretion under rule 4.413 in determining defendant was not eligible for probation, we need not consider defendant's arguments pertaining to rule 4.414 that he was a suitable candidate for probation.[4]

---

[4] We note that rule 4.413 contemplates a two-step process where the court must first evaluate the factors set forth in rule 4.413(c) and determine whether there are unusual circumstances to overcome the statutory limitation on probation. If the court makes that determination, then it must still consider the factors set forth in rule 4.414 to determine if probation should be granted or denied. (Rule 4.413(b); *Dorsey*, *supra*, 50 Cal.App.4th at p. 1229; *Du*, *supra*, 5 Cal.App.4th at p. 830.) Where, as here, the court

*[footnote continued on next page]*

9

B.      *Correction of Minute Order re Substance Abuse Program*

Defendant contends, and the People correctly concede, that the clerk's minute order and abstract of judgment reflecting that he participate in substance abuse counseling while in prison must be amended. We agree.

At the sentencing hearing, the trial court ordered defendant to participate in a counseling or education program having a substance abuse component while in prison "if he thinks it is necessary." It appears that the court was merely recommending such a program. However, the clerk's minute order and abstract of judgment explicitly order defendant to participate in substance abuse counseling. The minute order and abstract of judgment specifically state: "Defendant to participate in a counseling or educational program having a substance abuse component through the Div. of Adult Institutions (PC 1203.096)."

Section 1203.096, subdivision (a), specifically provides that a trial court only "*recommend* in writing that the defendant participate in a counseling or education program having a substance abuse component while imprisoned." (§ 1203.096, subd. (a), italics added). Case law also finds that the appropriate authorities need not heed the recommendation. (*People v. Peel* (1993) 17 Cal.App.4th 594, 599-600.) It was appropriate for the trial court to recommend such counseling rather than order it. As

---

*[footnote continued from previous page]*
finds that the case was not unusual under rule 4.413, it has no authority to grant probation.

such, we shall order that the minute order and abstract of judgment be modified to clarify that such participation is recommended, not ordered, by the trial court.

C. *Correction of Minute Order re Possession of Weapons*

Defendant also contends, and the People aptly concede, that the clerk's minute order prohibiting him from possessing a firearm, ammunition or deadly weapon must be corrected to reflect the court's oral pronouncement that defendant not possess firearms or ammunition. We agree.

At the sentencing hearing, the trial court stated, "as a matter of law under both federal and state law, the defendant is not allowed to have any firearms or ammunition for life." Citing section 12021 and a federal statute, the minute order provided that defendant "not knowingly own, possess or have under [his] control any firearm, deadly weapon, ammunition or related paraphernalia for life." The probation report indicated that defendant "not knowingly own, possess or have under [his] control any firearm for life."

The rendition of judgment is the oral pronouncement at sentencing. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 (*Mesa*), superseded by statute on other grounds as stated in *People v. Turner* (1998) 67 Cal.App.4th 1258, 1267-1268.) Where there is a discrepancy between the oral pronouncement rendering judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*Mesa*, at p. 471; see also *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [abstract of judgment does not control if different from the trial court's judgment and may not add to or modify the judgment]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385–386 (*Zackery*) [clerk's minutes

11

should reflect what occurred at the hearing].)  Because the trial court did not orally pronounce that defendant is prohibited by law from possessing any deadly weapons or related paraphernalia, we strike that language in the minute order and amend the minute order to reflect the trial court's pronouncement.  (See *Zackery*, *supra*, at p. 385.)

## III

## DISPOSITION

The judgment is modified to reflect that substance abuse counseling pursuant to section 1203.096 is recommended, not ordered.  The superior court clerk is directed to prepare an amended minute order and abstract of judgment to state that substance abuse counseling is recommended and to omit reference to "deadly weapons or related paraphernalia" and to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.  (§§ 1213, 1216.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


MILLER
J.


CODRINGTON
J.

12