Filed 9/3/20  P. v. Dorsey CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073648 |
| v. | (Super.Ct.Nos. INF1801983, INM1901110 & INM901845) |
| STEVEN ANDREW DORSEY, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County. John M. Davis, Judge. Affirmed in part, remanded in part with directions.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Steven Andrew Dorsey guilty of two counts of violating a protective order and one count of domestic violence resulting in a traumatic condition while having a previous domestic violence conviction. The court sentenced Dorsey to 13 years in prison, which included three one-year enhancements for prior prison offenses. It also included in its minute order and abstract of judgment a recommendation that Dorsey participate in anger management counseling.

On appeal, Dorsey argues a change in the law requires us to strike the three prior prison offense enhancements. He further argues the court acted in excess of its jurisdiction by ordering him to participate in anger management counseling. The People agree the prior prison offense enhancements must be stricken, but argue the trial court merely suggested, rather than ordered, Dorsey to participate in counseling. We agree with the parties that the prison prior enhancements are no longer authorized. We also agree with Dorsey the trial court was not authorized to recommend anger management counseling. We therefore reverse Dorsey's sentence and remand for resentencing as directed.

I

FACTS

Jane Doe and Dorsey dated for approximately 10 years and were living together in October 2018. On October 8, 2018, Doe went in person to a police department to report Dorsey for repeatedly abusing her, most recently just a few days earlier. When she reported the abuse, she exhibited bruises, bumps, and skin redness. On October 25, 2018,

the court issued a criminal protective order prohibiting Dorsey from contacting Doe. On November 6, 2018, Dorsey called Doe while he was in custody and left her a voicemail. On November 9, 2018, Doe received a handwritten letter in the mail from Dorsey.

On June 12, 2019, a jury convicted Dorsey of willfully inflicting corporal injury resulting in a traumatic condition upon a cohabitant. (Pen. Code, § 273.5, subd. (a), unlabeled statutory citations refer to this code) and two misdemeanor counts of violating a protective order (§ 166, subd. (c)(1)). The jury also found Dorsey had a prior conviction for a domestic violence crime within seven years of his new conviction. Dorsey admitted to having a prior strike conviction and three prior prison offenses.

The court sentenced Dorsey to the upper term of five years for the domestic violence conviction, doubled because of the prior strike conviction. It also imposed three one-year prior prison offense enhancements. Finally, it imposed two concurrent 364-day terms for each of the misdemeanor protective order violations, for a total aggregate term of 13 years. The court also considered a recommendation from the Riverside County Probation Department (Probation) that Dorsey "participate in a counseling or educational program having a substance abuse component." However, the court concluded "the better program here would be to participate in a[n] . . . antiviolence program . . . . [¶] So I'm going to strike that counseling or education, and I'm going to change it from program having a substance abuse component to program having an anger management program." The court edited the report from the probation officer by hand to strike the words

3

"substance abuse" and add "anger management," to the relevant recommendation. This was replicated in the sentencing minute order and abstract of judgment.

Dorsey timely appealed from the judgment.

II

ANALYSIS

Dorsey argues he is entitled to retroactive application of Senate Bill No. 136's abolition of most prior prison offence enhancements, and all three of his one-year prior prison term enhancements must be stricken. He also argues the trial court's order to participate in anger management counseling was unauthorized. The People agree Dorsey's prior prison offense enhancements must be stricken but argue the trial court's reference to anger management counseling was a suggestion rather than an order, and therefore permitted.

A. *Prior Prison Offense Enhancements*

In October 2019, the Legislature enacted Senate Bill No. 136, which amended Penal Code section 667.5, subdivision (b). (2019-2020 Reg. Sess.) "Prior to this amendment, the statute provided for a one-year enhancement for each prior separate prison term, unless the defendant remained free from both prison custody and the commission of a new felony for a five-year period after discharge. [Citations.] After the amendment, 'a one-year prior prison term enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).' " (*People v. Gastelum* (2020) 45

4

Cal.App.5th 757, 772; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-341 (*Lopez*).)

The amended statute became effective January 1, 2020. (*Lopez*, at p. 341; see Cal. Const.,

art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).) It is undisputed Dorsey had no prior

convictions for a sexually violent offense, so the trial court can no longer impose a one-

year enhancement for his three prior prison terms.

Dorsey's conviction was not final as of the effective date of this change. (See

*People v. Vieira* (2005) 35 Cal.4th 264, 306 [" '[F]or the purpose of determining

retroactive application of an amendment to a criminal statute, a judgment is not final until

the time for petitioning for a writ of certiorari in the United States Supreme Court has

passed.' "].)  Because Dorsey's conviction is not yet final, and because the amended

statute leads to a reduced sentence, the amendment to section 667.5, subdivision (b),

applies retroactively. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681-682; *Lopez,

supra*, 42 Cal.App.5th at p. 341; see generally *In re Estrada* (1965) 63 Cal.2d 740, 745.)

Accordingly, the three one-year sentence enhancements must be stricken.

In general, when an error affects part of a sentence, we must remand for a full

resentencing on all counts and allegations, unless the court already imposed the

maximum allowable term. (*People v. Buycks* (2018) 5 Cal.5th 857, 893, 896, fn. 15.) The

trial court imposed the maximum possible sentence for Dorsey's felony conviction but

chose to impose concurrent sentences for his two misdemeanor convictions. On remand

for resentencing a trial court is "[n]ot limited to merely striking illegal portions" of a

sentence but "may reconsider all sentencing choices," "because an aggregate prison term

is not a series of separate independent terms, but one term made up of interdependent components." (See *People v. Hill* (1986) 185 Cal.App.3d 831, 834; *People v. Hubbard* (2018) 27 Cal.App.5th 9, 13.) This applies equally to sentences involving mixed custody periods between consecutive felony and misdemeanor sentences. (See *People v. Brown* (2016) 247 Cal.App.4th 1430, 1433 [finding trial courts may impose full consecutive terms for misdemeanor convictions, as statute limiting the length of subordinate consecutive terms to one-third the midterm for the relevant conviction only apply to consecutive felony sentences].) The decision whether to impose a concurrent term or a consecutive term is within the discretion of the sentencing court. Thus, the trial court may reconsider Dorsey's overall sentence on remand. (§ 669; *People v. Bradford* (1976) 17 Cal.3d 8, 20.)

### B. Anger Management Counseling

Dorsey also argues the trial court had no statutory authority to order him to participate in anger management classes in prison. The People concede the trial court could not order such classes but argue there's no need to modify or strike any portion of the minute order and abstract of judgment because the court was free to *recommend* the classes. We agree the trial court did not have authority to order or recommend anger management counseling.

At sentencing, Probation recommended the court exercise its authority under section 1203.096 to have Dorsey participate in substance abuse counseling while imprisoned. Section 1203.096, subdivision (a), says a trial court may "recommend in

6

writing that the defendant participate in a counseling or education program having a substance abuse component while imprisoned." (§ 1203.096, subd. (a).) Other courts have found this plain language to mean exactly what it says: that a court can only recommend, not order, a defendant participate in substance abuse counseling. (*People v. Peel* (1993) 17 Cal.App.4th 594, 599-600 (*Peel*).)

However, in sentencing Dorsey the trial court substituted "anger management" for "substance abuse" in the relevant recommendation from Probation, so that the minute order and abstract of judgment stated, "[Dorsey] to participate in a counseling or educational program having [an] Anger Management component [through] the Division of Adult Institutions." The People concede there is no statutory authority supporting a court's ability to recommend, let alone order, a defendant to participate in anger management counseling. Instead, the People argue the court may make such a recommendation using its broad discretionary authority in sentencing, and that in any case prison authorities are free to disregard the trial court's recommendations. (*Peel*, *supra*, 17 Cal.App.4th at p. 599 [finding "[w]hen a trial court makes the findings called for in subdivision (b) of section 1203.096, it must make a written recommendation . . . . However, there apparently is no corresponding requirement the appropriate authorities heed the recommendation."].) Given this, the People assert the trial court's minute order and abstract do not need correcting.

A court has discretion in sentencing, but this discretion must be based on punishment prescribed by statute. (§ 12; *People v. Lara* (1984) 155 Cal.App.3d 570,

574.) Indeed, "[a] court is without authority to impose a sentence not prescribed by statute." (*In re Andrews* (1976) 18 Cal.3d 208, 212.) We cannot identify, and the People haven't provided, any statute authorizing the trial court to either recommend or order Dorsey to attend anger management classes. Nor have the People provided authority to support their claim that the trial court's sentencing discretion includes the discretion to make recommendations in the absence of statutory authority. If anything, the existence of statutory authorization for trial courts to recommend substance abuse counseling implies trial courts lack the discretionary authority to recommend anger management classes as part of a sentence absent statutory authorization. We note that trial courts do have the discretion to impose anger management classes as a term or condition of probation, and nothing in our holding here should be read as limiting trial court discretion in that distinct setting. (See *People v. Cota* (2020) 45 Cal.App.5th 786, 793.) That prison authorities are free to ignore the recommendation does not mean the trial court has the power to make it. We therefore strike the relevant provision from both the minute order and abstract of judgment.

III

DISPOSITION

We strike the three one-year prison prior term enhancements imposed under section 667.5, subdivision (b), and remand for resentencing. We also strike the portions of the sentencing minute order and abstract of judgment stating "[Dorsey] to participate in a counseling or educational program having [an] Anger Management component

8

[through] the Division of Adult Institutions." The clerk of the superior court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

9